# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3052
_____

Pollyanna Burns; Rhonda Tomoson; Diane Gooding,

*Plaintiffs - Appellants*,

v.

School Service Employees Union Local 284; Independent School District No. 191,

*Defendants - Appellees*.
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: February 14, 2023
Filed: July 28, 2023
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

The principal issue in this appeal is whether a school district and a labor union violated the free speech rights of union members by deducting union dues from

employee paychecks.  We agree with the district court[*] that the school district's employees failed to state a claim, and we therefore affirm the judgment dismissing the action.

## I.

The appellants are food service managers employed by the Independent School District 191 in Burnsville, Minnesota.  In 2015, Pollyanna Burns and Rhonda Tomoson signed a contract to join the union that represents service workers in the school district, the School Service Employees International Union Local 284.  Diane Gooding joined Local 284 by executing a similar agreement in 2019.  These contracts authorized the school district to deduct monthly union dues from the union member's paycheck and to send those dues to Local 284 on the union member's behalf.

The employees terminated their membership in the union in March 2020, and later sued the school district and Local 284.  They alleged that the deduction of dues from their paychecks violated their rights under the First and Fourteenth Amendments and also contravened Minnesota law.

In support of their claims, the appellants relied on legal developments relating to employees who are not members of a union.  Minnesota law permits public employees to bargain collectively with the State by designating a labor union to serve as the exclusive representative for employees in their bargaining unit.  Minn. Stat. § 179A.06, subdiv. 2.  If an employee declines to join the union, then state law permits the union to require the employee to contribute a so-called "fair-share" or "agency" fee.  *Id*., subdiv. 3.  This fee is equal to the cost of membership dues, less the costs of benefits available only to members.

---

[*]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

In *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), the Supreme Court upheld a similar regime that allowed public sector unions to compel the payment of fees from state employees who chose not to join the unions. Five years ago, in *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), the Court overruled *Abood*, and held that public-sector unions violated the First Amendment by deducting fair-share fees from nonmember employees without first obtaining affirmative consent. *Id*. at 2486.

Unlike the plaintiff in *Janus*, the employees in this case were union members. To join Local 284, each signed an agreement to "request" membership in the union and to "authorize" the union to represent them for the purpose of bargaining collectively with their employer. In exchange for the benefits of membership in Local 284, each employee agreed to "request and voluntarily authorize" the school district to deduct monthly union dues from her paycheck and transmit the union dues to Local 284. Each employee further agreed that if she resigned her union membership, then her authorization to the school district would be "automatically renewed as an irrevocable check-off from year to year," unless she revoked it in writing "during the period not less than thirty (30) days and not more than forty-five (45) days before the annual anniversary date" of the agreement.

On March 5, 2020, the employees notified Local 284 that they terminated their membership in the union. Since this notification fell outside of the termination period specified in each employee's union membership agreement, the school district continued to deduct monthly dues until the "anniversary date" of their agreement. One year later, the employees sued Local 284 and the school district under 42 U.S.C. § 1983, alleging that the deduction of union dues—before and after they resigned from Local 284—violated their rights under the First Amendment as incorporated against the States. They also asserted claims under Minnesota law for alleged conversion, unjust enrichment, civil theft, tortious interference with contractual relations, and unlawful wage deductions.

The district court dismissed the federal claims for failure to state a claim, and declined to exercise supplemental jurisdiction over the claims under state law. The court reasoned that the employees voluntarily agreed to the deduction of dues when they joined the union, and that the *Janus* decision concerning the rights of nonmembers does not require any special waiver of rights by union members. We review the district court's decision *de novo*.

## II.

Section 1983 provides a cause of action against a defendant whose actions were taken "under color of" state law and deprived another of a federal right. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931 (1982). The right to be free from compelled speech is protected by the First and Fourteenth Amendments. *Janus*, 138 S. Ct. at 2463. These constitutional provisions, however, prohibit only state action. *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019).

A private entity's acts may qualify as state action in "limited circumstances." *Id*. For the First Amendment to apply, the acts of the private entity must have their "source in state authority." *Lugar*, 457 U.S. at 939. We concluded in *Hoeckman v. Education Minnesota*, 41 F.4th 969, 978 (8th Cir. 2022), that when a public sector union—a private entity—deducts dues from its union members, the deduction is not based on state authority, but rather on a private agreement between the union and the union member. We therefore ruled in *Hoeckman* that a § 1983 claim brought by two union members against their unions for deducting dues failed for lack of state action. *Id*. Similarly, Local 284's deduction of dues for these employees was authorized by private agreement between the union and the employee. The employees' § 1983 claims against the union are foreclosed by *Hoeckman*.

The school district, however, is a public entity, *see* Minn. Stat. § 123A.55, so our conclusion regarding deductions by a private entity does not control. Even so,

the school district argues that the employees failed to allege sufficient state action by the district. The school district contends that it performed merely a "ministerial role" of honoring the private agreement between the union and its members, and that the employees seek to hold the district liable for the actions of private parties. *See Blum v. Yaretsky*, 457 U.S. 991, 1003 (1982). We need not address this argument. Assuming for the sake of analysis that the school district engaged in state action, the free speech claims fail for other reasons.

In the wake of *Janus*, every circuit to consider the matter has concluded that the deduction of union dues under a valid contract between the union and a member does not violate the First Amendment. The Ninth Circuit described a "swelling chorus of courts recognizing that *Janus* does not extend a First Amendment right to avoid paying union dues." *Belgau v. Inslee*, 975 F.3d 940, 951 (9th Cir. 2020). *Janus* concerned compelled extraction of fees from non-union members; the opinion said nothing about union members who "freely chose to join a union and voluntarily authorized the deduction of union dues, and who thus consented to subsidizing a union." *Bennett v. Council 31 of the Am. Fed'n of State, Cnty., & Mun. Emps.*, 991 F.3d 724, 732 (7th Cir. 2021).

The employees nonetheless maintain that the reasoning of *Janus* extends to union members who authorized the deduction of dues. They rely on the Court's statement in *Janus* that "[n]either an agency fee *nor any other payment to the union* may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus*, 138 S. Ct. at 2486 (emphasis added). The employees argue that the phrase "nor any other payment to the union" must include union membership dues.

The sentence from *Janus* on which the employees rely, however, refers to any other payment to the union that may be deducted from "a *nonmember's* wages." The decision concluded only that a nonmember's rights were violated by an automatic

deduction without affirmative consent. *Janus* did not create "a new First Amendment waiver requirement for union members before dues are deducted pursuant to a voluntary agreement." *Belgau*, 975 F.3d at 952; *see Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 962 (10th Cir. 2021). By signing a union membership contract, an employee "clearly and affirmatively" waives her right to refrain from joining the union, and consents to fund the union according to the terms of the contract. *Ramon Baro v. Lake Cnty. Fed'n of Tchrs. Loc. 504*, 57 F.4th 582, 586 (7th Cir. 2023), *cert. denied*, No. 22-1096, 2023 WL 3937633 (June 12, 2023). The First Amendment does not provide the employees with an opportunity to "disregard promises that would otherwise be enforced under state law." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991).

The employees assert that they were coerced into their contractual relationship with Local 284, because they were forced to choose between joining the union and "paying 100% of dues" or not joining the union and paying 85% of dues through an agency fee. This argument mischaracterizes their choice: they were "faced with a constitutional choice—whether or not to join" the union. *Oliver v. Serv. Emps. Int'l Union Loc. 668*, 830 F. App'x 76, 79 (3d Cir. 2020). They chose to join the union and to authorize the school district to deduct dues from their paychecks. They did so in exchange for the benefits of union membership, and they "assumed the risk that subsequent changes in the law could alter the cost-benefit balance of their bargain." *Fischer v. Governor of N.J.*, 842 F. App'x 741, 753 (3d Cir. 2021).

For these reasons, we conclude that the employees did not state a claim for a violation of rights under the First and Fourteenth Amendments. The judgment of the district court is affirmed.

_____