# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3749
_____

Marcus Todd,

*Plaintiff - Appellant,*

v.

American Federation of State, County and Municipal Employees, Council 5,

*Defendant - Appellee.*

------------------------------

Freedom Foundation,

*Amicus on Behalf of Appellant(s).*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 26, 2024
Filed: January 15, 2025
_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.
_____

COLLOTON, Chief Judge.

Marcus Todd is a state employee in Minnesota who alleges that a union violated his rights under the First and Fourteenth Amendments by participating in the deduction of union dues from his paycheck. The district court[*] granted the union's motion to dismiss the complaint, and we affirm.

I.

Appellant Todd is an employee of the Minnesota Department of Human Services. When he began working for the Department in 2014, Todd joined the American Federation of State, County, and Municipal Employees. By signing a union membership card, Todd authorized his employer to deduct union dues from his paycheck.

In June 2018, a revised union membership and dues-deduction authorization card was completed electronically with Todd's name, contact information, and electronic signature. The Union continued deducting dues from Todd's paycheck based on the 2018 card. Todd alleges that he never signed the 2018 membership card, and asserts that the union forged his signature.

Shortly thereafter, the Supreme Court decided *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 585 U.S. 878 (2018). The Court held that the First Amendment forbids a State to deduct a percentage of full union dues, generally called an "agency fee," from nonconsenting public-sector employees who do not join the union. *Id*. at 929-30. *Janus* overruled *Abood v.*

---

[*]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

*Detroit Board of Education*, 431 U.S. 209 (1977), which held that the deduction of agency fees was constitutional.

In July 2020, Todd sent the union a letter purporting to resign his membership and demanding that the union discontinue deducting dues from his paycheck. The union responded that according to his union membership agreement, Todd could resign only during a designated annual opt-out period. On that basis, the union continued to deduct union dues until May 2021, when it notified the Department to discontinue the deductions.

Todd sued the union under 42 U.S.C. § 1983, seeking an award of damages "for union dues unlawfully deducted" from his paychecks "without clear and compelling evidence of [his] freely given waiver of First Amendment rights." He also sought injunctive and declaratory relief. Todd sought broadly to recover all membership dues deducted before the decision in *Janus*—despite signing an authorization card in 2014—on the ground that he "never freely waived his First Amendment rights." He also alleged that the union violated his free speech rights under *Janus* in 2020 by refusing to terminate his union membership outside of the designated annual opt-out period.

Todd raised two more claims based on his allegation that the union forged an authorization card in 2018. He alleged that the union violated his rights under the First Amendment by causing a deduction in dues based on that authorization card—both before and after his attempt to resign from the union in July 2020. Todd also asserted tort claims under Minnesota law.

The district court dismissed the federal claims for failure to state a claim. The court reasoned that Todd voluntarily agreed to the deduction of dues before *Janus*, and that Todd agreed contractually to the opt-out period that limited his ability to terminate his union dues immediately. As to the claims alleging a forged

authorization card, the court concluded that the union did not act under color of state law and thus could not be liable under § 1983. The court ruled that Todd's claims for prospective relief were moot because Todd had resigned from the union, and there was no reasonable expectation that he would be subjected to a dues deduction in the future. The court declined to exercise supplemental jurisdiction over Todd's claims under state law.

Todd acknowledges on appeal that his claims for prospective relief are moot, but he challenges the district court's dismissal of his claims for retrospective relief. We review the district court's decision *de novo*.

## II.

Section 1983 provides a cause of action against a defendant whose actions were taken "under color of state law" and deprived another of a federal right. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). The First and Fourteenth Amendments secure the right to be free from compelled subsidization of private speech, *Janus*, 585 U.S. at 893-94, but they prohibit only state action that abridges that right. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808-09 (2019). A private entity is considered a state actor in only "limited circumstances," *id.*, where the disputed acts have their "source in state authority." *Lugar*, 457 U.S. at 939.

Recent decisions of this court directly resolve two of Todd's claims on appeal. In *Hoekman v. Education Minnesota*, 41 F.4th 969 (8th Cir. 2022), we held that union members who objected to the deduction of union dues failed to allege state action that would support a claim under the First Amendment. Because the union collected dues based on a private agreement, not pursuant to any state statute, the union members could not show that the union violated their constitutional rights. *Id.* at 978. Todd's claim against the union for all dues deducted before *Janus* likewise fails for lack of

state action. Even if state action were present, we also held in *Burns v. School Service Employees Union Local 284*, 75 F.4th 857 (8th Cir. 2023), that a deduction of union dues under a valid contract between the union and a member does not violate the First Amendment. *Id*. at 860. *Hoekman* further held that a union's refusal to grant a member's request for immediate resignation was attributable to private agreements and private judgments rather than state action. 41 F.4th at 978. Todd's analogous claim fails for the same reason.

Todd suggests that his remaining claims differ from those at issue in *Hoekman* because he alleged that the union forged his signature on an authorization card in 2018. The allegation of forgery does not establish the existence of state action that was otherwise absent. Minnesota law prohibits forging a union membership card, Minn. Stat. § 609.63, subdiv. 1(3), and allows state employers to deduct union dues only with a member's signed authorization. Minn. Stat. § 179A.06, subdiv. 6. The union's alleged "private misuse of a state statute" to collect dues from Todd after forging his signature "does not describe conduct that can be attributed to the State." *Lugar*, 457 U.S. at 941. The union's allegedly "fraudulent act is by its nature antithetical to any 'right or privilege created by the State' because it is an express violation of existing state law." *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1123 (9th Cir. 2022) (quoting *Lugar*, 457 U.S. at 937). There is thus no state action where the union "allegedly acted unlawfully." *Roudybush v. Zabel*, 813 F.2d 173, 177 (8th Cir. 1987).

\*        \*        \*

For these reasons, the judgment of the district court is affirmed.

_____